KELLY, C.J.
(concurring). I concur with the majority opinion. However, I continue to believe that this Court should not have extended the plain-error doctrine to the kind of unpreserved constitutional error present in this case. As I stated in my dissent in People v Carines, I believe that, when there is unpreserved constitutional error, a defendant’s conviction should be affirmed only “ ‘if the reviewing court is satisfied that the error is harmless beyond a reasonable doubt.’[1]
*225 It appears that, under the Carines plain-error standard, there is never error requiring reversal when there is a “wealth of incriminating evidence.”[2] Under those circumstances, the judicial system essentially exempts criminal defendants from the constitutional right to due process of law.
In the interest of preserving the integrity of the judicial system, we should re-elevate due process to its proper place. The present blatant and repeated abrogation of people’s constitutional rights threatens the foundation of the court system.
I recognize that Carines remains the law in Michigan and cannot be ignored, but I believe the Court should reexamine it at the earliest possible moment.

 People v Cannes, 460 Mich 750, 778; 597 NW2d 130 (1999) (Kelly, J., dissenting), quoting People v Graves, 458 Mich 756, 482; 581 NW2d 229 (1998).

 Borgne, 483 Mich at 203.